IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-018 (RCL) |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. QUINN, | : | |
| MICHAEL H. HOLLAND, and | : | |
| MOHAMMED A. SHARBAF, | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S STATUS MEMORANDUM

### Introduction

In preparation for the status hearing scheduled for June 6, 2005, at 4:00 p.m., the government is providing the Court with a summary of the discovery it has provided.  In addition, this submission describes the efforts that the government has taken to assist the defense in reviewing the discovery and in preparing for trial.  Last, the government suggests a schedule for the case.

### Discovery

**1.    Discovery for Defendant Quinn**

On January 19, 2005, the government sent counsel for defendant Quinn discovery in compliance with its obligations under Rule 16(a)(1), Fed. R. Crim. P.  This discovery included a disk that contained approximately 6000 pages of records.  The source of the records was the following: documents that Clark Material Handling Company ("Clark") provided the government; documents that government agents seized during a search of Clark on December 1, 2004; and documents that the government obtained from Khalid Mahmood.  The government

also advised defendant Quinn's counsel that he could obtain a copy of the computer evidence in the government's possession by sending two 200 gigabyte hard drives to the lead case agent, Scott Douglas of the Office of Export Enforcement. Mr. Quinn's counsel did so, and, on February 7, 2005, Special Agent Douglas sent him the computer evidence by Federal Express.

Throughout the government's investigation, Clark has been cooperating. As part of its cooperation, Clark, around the end of this March, agreed to waive the attorney/client privilege with respect to records that it previously claimed were subject to the privilege. On April 4, 2005, the government sent counsel for defendant Quinn a disk containing the withheld records, as well as additional records that the government had obtained from Clark.

2.  **Discovery to Defendant Holland**

On April 21, 2005, one week before the superseding indictment, government counsel provided counsel for defendant Holland with copies of the two disks that the government previously produced to defendant Quinn.[1] The government provided the remainder of its Rule 16 discovery to Mr. Holland on May 9, 2005.

In reviewing the disks produced to Mr. Holland, government counsel realized for the first time that there was a gap of approximately 600 pages of records that the government never received from Clark. The government obtained the missing pages from Clark, scanned them, and sent disks with these pages to counsel for both defendants on May 24, 2005.[2]

---

[1] The only difference between the two disks is that the disk that Mr. Quinn received contained his personnel and travel records, whereas the Holland disk had Mr. Holland's personnel and travel records.

[2] Clark's counsel also provided hard copies of the missing pages to both defendants. In addition, it is the government's understanding that, since the December 1, 2004, search, Clark has provided access to its records (excluding those previously classified as privileged) to counsel

On all three disks, there is a total of approximately 7500 pages of records that the government has produced to the defense.

### **Efforts to Assist the Defense**

The government has agreed to meet with counsel for the defendants to review the evidence that it deems significant to its case. That meeting will take place at the U.S. Attorney's Office on June 8, 2005. At that time, the government will review with the defense the approximately 130 records that it is likely to introduce at trial.[3] The government will explain the source of these items, and will meet with counsel for as long as they need.

At the arraignment, counsel for Mr. Quinn mentioned the need to interview witnesses in Korea and Germany. Counsel for Clark has authorized the government to represent that Clark will bring witnesses from Korea and Europe to the United States for defense interviews, subject only to reasonable scheduling needs.

The government notes that the records on the disks are not that voluminous. Government counsel has reviewed them thoroughly and estimates that it took approximately five days to complete the task. It is true that there are thousands of files on the computer hard drives. However, the only reasonable way to examine the files is to use relevant search terms. The government estimates it took Special Agent Douglas approximately four weeks to search the computer files. It is willing to share the search terms that he used with defense and explain the software that he used to do the searches.

---

for both Mr. Quinn and Mr. Holland.

[3] These materials are mostly e-mails, with invoices, spreadsheets, and other documents included.

**Proposed Schedule**

The government proposes the following schedule for this case, subject, of course, to the Court's availability: Defense motions due at the end of August; Government responses due approximately three weeks later; a motions hearing in the middle of October; and trial scheduled for the beginning of November. The government estimates that it will take a week and a half to try the case.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar Number 451058

        _____
        JAY I. BRATT
        Assistant United States Attorney
        Illinois Bar No. 6187361
        Transnational/Major Crimes Section
        555 4th Street, NW
        Room 11-437
        Washington, D.C. 20530
        (202) 353-3602
        jay.bratt@usdoj.gov

**Certificate of Service**

I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Status Memorandum on all counsel of record by electronic mail on this 2nd day of June, 2005.

_____
Jay I. Bratt