IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-018 (JDB) |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. QUINN and | : | |
| MICHAEL H. HOLLAND, | : | |
| | : | |
| Defendants. | : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNT TWO THROUGH COUNT SIX
FOR FAILURE TO STATE AN OFFENSE

**Introduction**

Defendants Robert Quinn and Michael Holland have moved to dismiss Counts Two through Six of the indictment, claiming that the indictment insufficiently pleads the elements of the offense charged in those counts. These counts charge unlawful exports in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705(b). What the defendants ignore is that, in the language of each of the challenged counts and through their cross-references to other paragraphs in the indictment, Counts Two through Six adequately put the defendants on notice of the crimes they allegedly committed. The counts track the language of the statute. They inform the defendants of when the crimes occurred, as well as what products were unlawfully exported and where they went. By incorporating, among other things, the "manner and means" and overt act sections of the conspiracy, they alert the defendants as to how they committed the offenses. In short, Counts Two through Six more than satisfy the pleading requirements for an indictment.

**Argument**

Rule 7(c)(1), Fed. R. Crim. P., states that an "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In addition, "[a] count may incorporate by reference an allegation made in another count." Id. In Hamling v. United States, 418 U.S. 87 (1974), the Supreme Court set forth the following standard for judging the sufficiency of indictments:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."

418 U.S. at 117 (citations omitted).

Counts Two through Six track the statutory language of IEEPA.[1]  Each count cites the particular regulations and order issued under IEEPA that governs the defendants' conduct, and each count incorporates paragraphs 10 through 15 of Count One, which describes those regulations. The counts further reference the details of the conspiracy in which the defendants participated, and they identify the particular dates of the illegal exports and the products shipped. They defendants easily could use their convictions or acquittals as bars to any further prosecutions arising out of the events of the case.

The defendants nevertheless argue that these counts are deficient because the indictment does not include the word "knowing" or "knowingly" to modify the allegation of willfulness.

---

[1] IEEPA states that "[w]hoever willfully violates, or willfully attempts to violate, any . . . order, or regulation issued under this chapter . . ." is guilty of a crime. 50 U.S.C. § 1705(b).

Defendants' Memorandum at 3-5. The defendants cite no case that holds that where an element of the offense is willfulness and the indictment pleads willfulness, the indictment nevertheless fails to state a claim. As the IEEPA cases that the defendants cite make clear, to act willfully means to act with the knowledge that what one does is wrong. Id. at 3-4. The use of the term "willfully" in Counts Two through Six puts the defendants on notice that the government must prove that they committed the crimes knowing that their conduct was unlawful. Nothing more is required.

The defendants argue that the use of the phrase "knowingly and willfully" in the conspiracy count shows that such language should have been in the five substantive counts. Id. at 4-5. As a pleading convention, the conspiracy count uses the term "knowingly" to reflect the government's burden to show that a defendant's agreement to join the conspiracy was intentional. See, e.g., Criminal Jury Instructions for the District of Columbia (4th ed.), Instruction 4.93. The government pleads conspiracy counts in this matter regardless of whether the object offense requires willfulness, as is the case here. The defendants' additional claim that a jury considering the five substantive counts might convict using a lower standard of intent is illusory. Defendants' Memorandum at 5. When instructing the jury, the Court will define willfulness to mean acting with the knowledge that one's conduct is unlawful. The jury would not be able to convict on any of the counts unless it so finds.

## Conclusion

For the foregoing reasons, the Court should deny the defendants' motion to dismiss Counts Two through Six.

                                        Respectfully submitted,

                                        KENNETH L. WAINSTEIN
                                        D.C. Bar No. 451058
                                        United States Attorney

By:        /s/
                JAY I. BRATT
                Assistant United States Attorney
                Illinois Bar No. 6187361
                LAURA A. INGERSOLL
                Assistant United States Attorney
                Connecticut Bar No.306759
                Transnational and Major Crimes Section
                555 4th Street, NW, 11th Floor
                Washington, D.C. 20530
                (202) 353-3602 (AUSA Bratt)
                (202) 514-9549 (AUSA Ingersoll)
                jay.bratt@usdoj.gov
                laura.ingersoll@usdoj.gov

**Certificate of Service**

    I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Memorandum in Opposition to Defendants' Motion to Dismiss Counts Two through Six for Failure to State an Offense by electronic means on all counsel of record for defendants Quinn and Holland this 22nd day of September, 2005.

/s/
Jay I. Bratt
