IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-018 (JDB) |
| | : | |
| v. | : | |
| | : | |
| ROBERT E. QUINN and | : | |
| MICHAEL H. HOLLAND, | : | |
| | : | |
| Defendants. | : | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE INDICTMENT FOR DUPLICITY

### Introduction

Defendants Robert Quinn and Michael Holland have moved to dismiss the indictment on the ground that it is duplicitous. Each count of the indictment charges a single violation of a single criminal statute in the United States Code – that is, § 1705(b) of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705(b). The first count charges a conspiracy to violate IEEPA, and the remaining five counts charge separate violations of the statute, those acts being five unauthorized exports to Iran occurring on five separate dates. Consistent with the government's obligation under Rule 7(c)(1), Fed. R. Crim. P., to provide the defendants with notice of the authority for the charges they face, the indictment lists at the end of each of the counts the regulations that pertain to the defendants' conduct. These citations do not create different crimes. At most, some of the cited provisions describe alternative means of committing the same offense. That does not make the indictment duplicitous. To the extent there is duplicity within a count, the remedy is not to dismiss the indictment; rather, it is to require the government to elect a theory of liability or, in some circumstances, to give the jury a

unanimity instruction and a special verdict form. That will not be necessary, however, because the government's theory of liability in this case is straightforward: The defendants engaged in a scheme to make unauthorized exports to Iran and they did so knowing their conduct to be illegal.

### Argument

### I.     The Indictment Is Not Duplicitous

Duplicity is the joining of two or more distinct and separate offenses in a single count. United States v. Klat, 156 F.3d 1258, 1266 (D.C. Cir. 1998); United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir.), cert. denied, 484 U.S. 817 (1987). However, it is appropriate to allege in a single count that a defendant committed an offense "by one or more specified means." Rule 7(c)(1), Fed. R. Crim. P. Doing so does not make the count duplicitous. See, e.g., Sanabaria v. United States, 437 U.S. 54, 66 n.20 (1978) ("A single offense should normally be charged in one count rather than several, even if different means of committing the offense are alleged."); United States v. Burton, 871 F.2d 1566 (11th Cir. 1989) (charging embezzlement and conversion of funds in single count alleging a violation of 18 U.S.C. § 641 is not duplicitous); United States v. Droms, 566 F.2d 361, 363 (2d Cir. 1977).

Section 1705(b) of IEEPA states that anyone who "willfully violates, or willfully attempts to violate, any . . . order, or regulation issued under this chapter" commits a crime. 50 U.S.C. § 1705(b). But in order properly to charge a violation of IEEPA, it is necessary for the indictment also to identify the relevant regulation or regulations governing the defendant's conduct. Here, the key regulation issued under IEEPA's authority that defines Quinn's and Holland's illegal activities is 31 C.F.R. § 560.204 of the Iranian Transactions Regulations ("ITR"). It provides, in pertinent part:

> Except as otherwise authorized pursuant to this part . . . the exportation, reexportation, sale, or supply, directly or indirectly, from the United States . . . of any goods, technology, or services to Iran or the Government of Iran is prohibited, including the exportation, reexportation, or supply of any goods, technology or services to a person in a third country undertaken with knowledge or reason to know that:
>
> (a) such goods, technology, or services are intended specifically for supply, transshipment, or reexportation, directly or indirectly, to Iran or the Government of Iran . . .[1]

Neither IEEPA nor the ITR has a conspiracy provision. Such a prohibition does exist in the Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774, another set of regulations whose authority rests on IEEPA. See 15 C.F.R. § 764.2(e). Section 746.7 of the EAR states that, "No person may export of reexport items subject to both the EAR and OFAC's Iranian Transactions Regulations without prior OFAC authorization."[2]  15 C.F.R. § 746.7. Thus, a violation of the ITR is also a violation of the EAR. And a conspiracy to violate to violate the ITR is likewise a conspiracy to violate the EAR. Accordingly, Count One of the indictment, which charges a conspiracy to violate the Iranian embargo, properly (and without duplicity) cites

---

[1]  There is other language in § 560.204, but it is not pertinent to this case because it is not part of the government's theory of liability. The indictment does cite § 560.203, which provides that "[a]ny transaction by any United States person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions contained in this part is prohibited." This provision merely describes another means of violating the prohibition on unauthorized trade with Iran – that is, through some means of trickery or artifice. In addition, the indictment references § 560.205, which states the restriction against foreign nationals diverting U.S. goods to Iran. Co-defendant Mohammed Sharbaf is a foreign national. For that reason, § 560.205 is listed in the indictment. The section has no relevance to Quinn or Holland. As for Sharbaf, only the first three paragraphs of § 560.205 pertain to his conduct.

[2]  The entire text of § 746.7 is, as the defendants observe, long. See Defendants' Memorandum at 11 and Exhibit A. However, the single sentence quoted above is the only language in the section applicable to this case.

§ 746.7 and § 764.2(e) of the EAR, along with the relevant ITR regulations.[3] The indictment also properly cites Executive Order 13222, in order to inform the defendants that the EAR remain in force despite the lapse of the Export Administration Act ("EAA"), 50 U.S.C. App. §§ 2401 *et seq*.

Aside from the conspiracy provision, the indictment cites five other subsections of § 764.2. Section § 764.2(a) merely states that it is unlawful to violate the EAR. That is neither a separate crime nor an alternative theory of liability. Sections 764.2(b) and 764.2(c) provide that it is unlawful to aid or abet or solicit another to violate the EAR.[4] The law is well-settled that aiding and abetting is not a separate offense, but rather "is a different theory of liability for the same offense." United States v. Garcia, 400 F.3d 816, 820 (9th Cir. 2005). See also, e.g., Galiffa, *infra*, n.4. Section 764.2(c) also makes it unlawful to attempt to violate the EAR. As pled in the body of the indictment, an attempt is another way of violating IEEPA.[5] The indictment further references § 764.2(e), which forbids engaging in prohibited conduct with knowledge that the conduct is unlawful. This section merely restates the willfulness element that the government is

---

[3] The indictment cites § 764.2(e) in the five substantive counts to put the defendants notice that the government may elect to proceed under a Pinkerton theory of liability. See Pinkerton v. United States, 328 U.S. 640 (1946).

[4] The indictment also cites the aiding and abetting statute, 18 U.S.C. § 2. Courts have long held that it is not even necessary for an indictment to allege a violation of the aiding and abetting statute, although it is the better practice to do so. See, e.g., United States v. Sabatino, 943 F.2d 94, 99-100 (1st Cir. 1991); United States v. Armstrong, 909 F.2d 1238, 1241 (9th Cir.1990), cert. denied, 498 U.S. 870 (1991); United States v. Galiffa, 734 F.2d 306, 312 (7th Cir. 1984).

[5] If, at the close of the trial, the government decides to submit the attempt theory to the jury, it would ask the Court to treat the allegation of an attempted violation of the law as if it were a lesser included offense and to submit a special verdict form to the jury on the issue.

required to prove. Last, the indictment cites § 764.2(h), which, like § 560.203 in the ITR, prohibits acts whose purpose is to evade the requirements of the law. As previously noted, such a provision is, at most, a description of another means of committing the crime charged here.[6]

## II. Dismissal of the Indictment Is Not a Remedy for Duplicity

Even if the indictment were duplicitous, dismissal is not the necessary cure. See, e.g., United States v. Ramirez-Martinez, 273 F.3d 903, 915 (9th Cir. 2001), cert. denied, 537 U.S. 930 (2002); United States v. Sturdivant, 244 F.3d 71, 79 (2d Cir. 2001). "Duplicity is not fatal because the government can elect charges prior to submission to the jury, or the jury could agree beyond a reasonable doubt which offense the defendant committed." Wright, Federal Practice and Procedure: Criminal 3d § 142 n.16.

Here, the government's theory of the case is uncomplicated. The defendants violated the Iranian embargo by exporting U.S. goods to Iran indirectly through Dubai, and they acted with knowledge that their conduct was unlawful. The evidence will depict Quinn as one of the principals who caused Holland and others to carry out the scheme. There will be no competing theories among which the government will need to elect. The only possible exception is the "attempt" theory. As noted above, the Court can handle that issue by submitting a special verdict form to the jury.

---

[6] The last provision from the EAR that the indictment cites is § 764.3(b)(2), which merely states that there are criminal penalties for willful violations of the regulations. That pronouncement does not create a separate offense or state an alternative theory of liability.

## Conclusion

For the foregoing reasons, the Court should deny the defendants' motion to dismiss the indictment on duplicity grounds.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        D.C. Bar No. 451058
        United States Attorney

By:     /s/
        JAY I. BRATT
        Assistant United States Attorney
        Illinois Bar No. 6187361
        LAURA A. INGERSOLL
        Assistant United States Attorney
        Connecticut Bar No.306759
        Transnational and Major Crimes Section
        555 4th Street, NW, 11th Floor
        Washington, D.C.  20530
        (202) 353-3602 (AUSA Bratt)
        (202) 514-9549 (AUSA Ingersoll)
        jay.bratt@usdoj.gov
        laura.ingersoll@usdoj.gov

**Certificate of Service**

I, Jay I. Bratt, certify that I served a copy of the foregoing Government's Memorandum in Opposition to Defendants' Motion to Dismiss the Indictment for Duplicity by electronic means on all counsel of record for defendants Quinn and Holland this 22nd day of September, 2005.

/s/
Jay I. Bratt