**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-018 (JDB)** |
| | : | |
| **ROBERT E. QUINN and** | : | |
| **MICHAEL H. HOLLAND,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT HOLLAND'S**
**"REPLY MEMORANDUM" SEEKING EXCLUSION OF**
**HOLLAND'S STATEMENTS TO FEDERAL INVESTIGATORS**

The Court has directed the government to file this response addressing objections raised

by defendant Michael Holland to the government's proposed redactions to two statements among

many he made to federal agents in a voluntary non-custodial interview on December 1, 2004.

Holland did not raise a timely challenge to the government's ability to use statements he made

during that interview.[1]   Moreover, his single objection to the two proposed redacted statements

is that the resulting versions are "incomplete and inaccurate, [and] more prejudicial and

inculpatory to Holland than were the original statements in the agent's narrative", and that the

redactions would limit his ability to credibly testify contrary to agent testimony about his

admissions.  (Holland's Reply Memorandum at 2).  The government did not respond to

Holland's filing, as it was filed as an unsolicited "reply".  At the motions hearing held October

---

[1]  Holland did not move to suppress the inculpatory and false exculpatory statements he made to federal agents on December 1, 2004, when he was present during execution of a search warrant at the premises of his employing company, Clark Material Handling Company (CMHC). Indeed, he did not in any way challenge the government's stated intention to present at trial testimony about those statements, until after the government had filed a response to his codefendant Quinn's pretrial motion to exclude, on Bruton grounds, testimony about three brief statements that Holland made in that interview that were inculpatory of Quinn.  The government in that response proposed deleting one of the statements altogether, and excising the references to Quinn in the other two statements.  It was to this proposal that Holland lodged his objection.

14, 2005, the parties did not present oral argument relating to Holland's statements, and the Court asked for none.

Thereafter, by order dated October 17, 2005, the Court asked the government to briefly address "Holland's objections, including [sic] whether Crawford v. Washington, 541 U.S. 36 (2004), alters the standard to be applied by courts when deciding whether to permit redaction of a defendant's out-of-court statements when that redaction would, consequently, limit the defendant's ability to cross-examine the witness who testifies as to the statements."[2]

The government previously proposed redactions to two of Holland's statements implicating his codefendant Quinn (and deletion altogether of the third).  The government has determined to not use at trial one of those redacted statements ("According to Holland, he had information regarding the Dubai customer."), so only one redacted statement remains in issue.

**_Crawford_ does not apply to Holland's statements; the correct approach to the issue presented is rather a "straight" Confrontation Clause analysis.**

The short answer to the Court's direct Crawford question is: No.  Crawford does not alter the standard for determining whether a defendant's right of confrontation is abridged by the imposition of proper judicial limitations on a witness' testimony.

Crawford, of course, is limited by its terms to testimonial hearsay, and Michael Holland's December 1, 2004, admissions to the agents are not hearsay.  Federal Rule of Evidence 801(d)(2) ("A statement is not hearsay if . . . [it] is offered against a party [Holland] and is . . . the party's [Holland's] own statement.")  Because "no guarantee of trustworthiness is required in the case of

---

[2] This Crawford question was not raised by Holland in seeking to bar his own admissions, but rather in his reply to his own motion to exclude agent testimony about certain statements made by Quinn, including statements referring to Holland.  The government submits that its proposed redactions rendered this issue moot, but Holland continued to argue in reply that Quinn's statements should be barred altogether because the jury would likely apply Quinn's admissions against Holland notwithstanding the Court's instruction to the contrary.

an admission", Fed. R. Evid. 801 Advisory Committee Notes, the reliability-vetting process that culminated in Ohio v. Roberts, 448 U.S. 56 (1980), and that so troubled the Crawford Court, is simply not implicated by Holland's statements as offered against him.[3]

The Court's question rather goes, more broadly, to the question of whether, if a defendant is constrained in his ability to cross examine an agent testifying about the defendant's own statements (or, for that matter, those of a non-testifying codefendant), because those statements cannot be set forth in toto, the defendant is consequently in effect unable to exercise his Constitutional right of confrontation. This question is one that trial courts address – and successfully resolve – in myriad contexts, and neither was presented in, nor is affected by, the Supreme Court's analysis in Crawford. Instead, the proper analysis is the approach courts use where Confrontation Clause challenges are raised to any evidentiary constraint on the scope of a witness' testimony, as discussed immediately below.

**The proposed redactions will not so limit Holland's ability to**
**cross-examine the agent as to deny him the right of confrontation.**

A defendant's right of cross examination is not unlimited. The Confrontation Clause "does not bar a judge from imposing reasonable limits on a defense counsel's inquiries." United States v. Derr, 990 F.2d 1330, 1334 (D.C. Cir.1993). District courts "enjoy[ ] wide discretion to control cross-examination". Harbor Ins. Co. v. Schnabel Found. Co., Inc., 946 F.2d 930, 935 (D.C. Cir.1991), cert. denied, 504 U.S. 931 (1992). Accordingly, "Confrontation Clause violations are found primarily where defendants have been given no realistic opportunity to ferret

---

[3] Quinn can raise no Crawford claim as to Holland's redacted statements, because no Crawford issue is presented by the admission, at their joint trial, of Holland's confession, so long as the confession has been properly redacted to eliminate any reference to the Quinn. This presumes, of course, that Holland does not himself testify. If Holland does testify, he will be available for Quinn to cross-examine and his assertions against Quinn can be fully set forth.

out a potential source of bias." United States v. Derr, 990 F.2d at 1334 (citing Delaware v. Van

Arsdall, 475 U.S. 673, 679 (1986)); see also Delaware v. Fensterer, 474 U.S. 15, 20  (1985)

("Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-

examination that is effective in whatever way, and to whatever extent, the defense might wish.").

Thus, for example, trial courts routinely limit cross-examination about matters more prejudicial

than probative.  See United States v. Lin, 101 F.3d 760 (D.C. Cir.1996) (witness' unrelated

illegal activity was overly prejudicial and not sufficiently probative of bias).  Limiting cross-

examination of an agent by forbidding the agent to testify about redacted information contained

in a defendant's statements about a non-testifying codefendant is a proper response to a

Confrontation Clause problem, firmly approved by Bruton v. United States, 391 U.S. 123 (1968),

and its progeny – and Crawford did not overrule Bruton, as, although not explicitly addressed yet

in this Circuit, trial and appellate courts elsewhere have since held.  See, e.g., United States v.

Chen, 393 F.3d 139, 150 (2d Cir. 2004) ("[W]e see no indication that Crawford overrules

Richardson [v. Marsh, 481 U.S. 200 (1987)] or expands the holding of Bruton."); United States

v. Lee, 316 F. Supp. 2d 330, 338 n.8 (E.D. Va. 2004) (finding "unpersuasive" an argument that

Crawford overruled Bruton and its progeny).

**The redacted statements are neither "incomplete and inaccurate" nor**
**"more prejudicial and inculpatory to Holland than were the original statements"**

The sole remaining redacted statement – "Holland remembered conversations in late 2003

with Dave Tatum.  According to Holland, Tatum told Holland to 'not sell to Iran'." – can in no

way be construed to implicate Quinn.  Because the deletions and redactions "omit all reference"

to Quinn, they fall outside the scope of Bruton.  Richardson v. Marsh, 481 U.S. at 203, 211.  To

the extent Holland claims his inability to elicit from the testifying agent Holland's own

statements about Quinn violates the "rule of completeness" he must show that the redacted

version "distorts its meaning or excludes information substantially exculpatory of the defendant".

United States v. Yousef, 327 F. 3d 56, 154 (2d Cir. 2003).  This, he neither has done nor can do.

**The proposed redactions will not deny Holland the**
**ability to credibly testify contrary to the agent's testimony**

Holland contends that if he testifies at trial, and testifies inconsistently with the redacted versions of his statements to the agents, it will seem to the jury that his story will have changed. Holland fails to note, however, that once he takes the stand, then the reason for the redactions – protection of Quinn's Confrontation Clause rights – will have evaporated, for Quinn will be able to cross-examine Holland.  The formerly-redacted substance of statements against Quinn can then be put before the jury, and the Court can instruct that the redactions were made for legal reasons of no concern to the jury and that the fact of prior redaction should not be held against the defendant.  Holland will therefore not be prejudiced in the least on account of the redactions.

**Conclusion**

For all the foregoing reasons and those previously briefed by the government, the Court should reject Holland's objection to the admission of agent testimony about his statements.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

By:     _____/s/_____
LAURA A. INGERSOLL
   Connecticut Bar No. 306759
   (202) 514-9549   laura.ingersoll@usdoj.gov
JAY I. BRATT
   Illinois Bar No. 6187361
   (202) 353-3602   jay.bratt@usdoj.gov
Assistant United States Attorneys
National Security Section
555 4th Street, N.W. – 11th Floor
Washington, D.C.  20530

**<u>Certificate of Service</u>**

I hereby certify that I caused to be served a copy of the foregoing Government Response to Defendant Holland's "Reply Memorandum" Seeking Exclusion of Holland's Statements to Federal Investigators, by electronic means on all counsel of record for defendants Quinn and Holland this 20th day of October, 2005.

_____/s/_____
Laura A. Ingersoll
